UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

v.

Case No. 5:25-cr-34

PAUL J. HARRIS,

Defendant.

FILED
SEP 26 2025
U.S. DISTRICT COURT- WVND
WHEELING, WV 26003

### DEFENDANT'S MOTION TO ALTER ORDER PROTECTING REAL PROPERTIES [DOC 9]

COMES NOW, Defendant, *pro se,* and respectfully moves this Honorable Court pursuant to 21 U.S.C. § 853(e) to alter its September 23, 2025 Order Protecting Real Properties [DOC 9] concerning certain real property located at 32-15th Street, Wheeling, WV 26003, and in support thereof states as follows:

**Facts**

1. On September 23, 2025, the Court entered an Order Protecting Real Properties [DOC 9] restraining certain real property, more specifically, 32-15th Street, Wheeling, WV, of the Defendant pursuant to 21 U.S.C. § 853(e).

2. Defendant first received notice of the protective order at his initial appearance on September 25, 2025, when the order was hand-delivered. Defendant has not seen the Government's sealed motion that preceded entry of the order.[1]

---

[1] Defendant respectfully requests a copy of the Government's sealed motion that gave rise to the September 23, 2025 Order Protecting Real Properties [DOC9]. The motion is not accessible through PACER and, as such, Defendant is unable to review the Government's basis for the relief sought.

-1-

3. After the first indictment but prior to the second indictment, Defendant "mothballed" the subject property because it was no longer being used. Utilities were disconnected and insurance on the property was cancelled. (Because the property is no longer being used it is unlikely an insurance policy can be procured for a reasonable premium, if it all.) Defendant recognizes that real estate taxes are due and owing, and those will be paid.

4. The property is free and clear of liens, mortgages, or encumbrances, and Defendant affirms that he will not sell, alienate, transfer, or otherwise convey any interest in the real property pending further order of this Court.

### Argument

#### A. Maintenance of Utilities and Insurance is Unnecessary and Unduly Burdensome.

5. The protective order, as written, effectively requires Defendant to maintain utilities and property insurance on the real property. Because the property is no longer in active use and has been "mothballed," this requirement imposes an unnecessary financial burden without advancing the Government's statutory interest in preserving the property for potential forfeiture.

6. Defendant respectfully requests that the Court amend the protective order to relieve him of any obligation to maintain utilities or insurance on the subject property, while leaving in place the restriction against alienation or transfer.

#### B. Provision Allowing Government Entry Raises Fourth Amendment Concerns.

7. The protective order also authorizes federal law enforcement to enter the property, including any structures, "on one or more occasions for the purpose of conducting inspections and appraisals."

8. Defendant proffers that confidential client files remain at the property. These files are subject to attorney–client privilege and contain protected and sensitive information unrelated to this proceeding.

9. Authorizing law enforcement to enter and access the property under the guise of inspection or appraisal creates a substantial risk of unlawful search and seizure in violation of the Fourth Amendment. The Supreme Court has long held that government intrusion onto private property without adequate safeguards constitutes a search. *See Katz v. United States*, 389 U.S. 347 (1967).

10. Any access by the Government that results in viewing, seizing, or even exposing the contents of privileged client files would be both improper and unconstitutional.

11. Defendant respectfully requests that the Court alter the protective order to prohibit or, at minimum, narrowly tailor and supervise any Government entry to ensure it does not constitute an unreasonable search or seizure or risk exposure of privileged materials.

**Conclusion**

WHEREFORE, for the foregoing reasons, Defendant respectfully moves this Court to:

1. Amend the September 23, 2025 Order Protecting Real Properties [DOC 9] to remove any requirement that Defendant maintain utilities or property insurance on the subject property; and

2. Modify the provision authorizing Government entry onto the property so as to (a) prohibit inspection of or access to confidential client files, (b) limit any entry to what is strictly necessary to preserve the property's value, and (c) ensure that such entry does not constitute or risk an unlawful search or seizure.

Defendant,
*Pro se,*

/s/ Paul J. Harris
Paul J. Harris
34 Orchard Road
Wheeling, WV 26003

-4-

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Case No. 5:25-cr-34 |
| PAUL J. HARRIS, | |
| Defendant. | |

## CERTIFICATE OF SERVICE

I hereby certify a true, accurate copy of the foregoing *Defendant's Motion to Alter Order Protecting Real Properties [DOC 9]*, was served via facsimile this 26th day of September, 2025 to the following:

Jarod J. Douglas, Esq.
Jennifer T. Conklin, Esq.
Morgan McKee, Esq.
Randolph J. Bernard, Esq.
United States Attorney's Office
PO Box 591
1125 Chapline Street, Ste. 3000
Wheeling, WV 26003
(304) 234-0110 – Fax

/s/ Paul J. Harris
Paul J. Harris