IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

FILED

OCT 23 2025

U.S. DISTRICT COURT- WVND
WHEELING, WV 26003

UNITED STATES OF AMERICA,

v.

Case No.: 5:25-CR-34

PAUL J. HARRIS,

        Defendant.

### DEFENDANT'S RESPONSE TO THE GOVERNMENT'S NOTICE OF INTENT TO OFFER CERTIFIED DOMESTIC RECORDS OF A REGULARLY CONDUCTED ACTIVITY AT TRIAL [DOCS 62 AND 71]

COMES NOW, Defendant, *pro se*, respectfully submits this response to the Government's Notice of Intent to Offer Certified Domestic Records of a Regularly Conducted Activity at Trial, [DOCS 62 and 71] pursuant to Federal Rule of Evidence 902(11).

### I. INTRODUCTION

The Government has provided notice of its intent to introduce certain business records under Federal Rule of Evidence 902(11) as self-authenticating documents. Defendant objects to the admission of any such records without live testimony and the opportunity for cross-examination of the custodian or other qualified witness.

### II. ARGUMENT

#### A. Defendant Objects to Admission Without Cross-Examination

While Rule 902(11) permits certification of business records as self-authenticating, it does not preclude the defendant's right under the Sixth Amendment to confront and cross-examine witnesses whose testimony bears on the reliability, accuracy, or authenticity of those records. *See Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 309 (2009) (holding that certificates of

authenticity are testimonial when offered in lieu of live testimony and are subject to confrontation rights).

The Government's proposed certification deprives Defendant of the opportunity to question the preparer or custodian of the records regarding the manner in which they were kept, the procedures used, or any irregularities. Such examination is particularly necessary where the Government seeks to use the records to establish key factual or financial elements of its case.

### B. Rule 902(11) Does Not Mandate Acceptance of Certification

Rule 902(11) merely provides a mechanism for authenticating records; it does not make them automatically admissible. The underlying admissibility remains subject to the foundational requirements of Rule 803(6) and to the Court's discretion under Rules 401 and 403.

Given the nature of the allegations and the complexity of the financial transactions at issue, the reliability of the business records must be tested through cross-examination rather than certification.

### III. CONCLUSION

For these reasons, Defendant respectfully opposes the Government's notices to admit business records pursuant to Federal Rule 902(11) without live testimony and permit Defendant to cross-examine the custodians of the records at trial.

Defendant,
*Pro se*,

/s/ Paul J. Harris
Paul J. Harris
34 Orchard Rd
Wheeling, WV 26003
(304) 312-0158

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Case No.: 5:25-CR-34 |
| PAUL J. HARRIS, | |
| Defendant. | |

## CERTIFICATE OF SERVICE

I hereby certify a true, accurate copy of the foregoing *Defendant's Response to Government's Notice of Intent to Offer Certified Domestic Records of a Regularly Conducted Activity at Trial [DOCS 62 and 71]*, was filed and served via facsimile, this 23rd day of October, 2025 to the following:

Jarod J. Douglas, Esq.
Jennifer T. Conklin, Esq.
Morgan McKee, Esq.
Randolph J. Bernard, Esq.
United States Attorney's Office
PO Box 591
1125 Chapline Street, Ste. 3000
Wheeling, WV 26003
(304) 234-0110 – Fax

/s/ Paul J. Harris
Paul J. Harris