# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# Wheeling

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.                                                    **CRIM. ACT. NO. 5:25-CR-34**
                                                      Judge Bailey

**PAUL J. HARRIS,**

    Defendant.

## ORDER

On October 23, 2025, the parties in the above-styled matter appeared for a pretrial conference. The Government was present by Assistant United States Attorneys Jarod J. Douglas and Jennifer T. Conklin. The *pro se* defendant appeared in person.

At the hearing, the Court addressed several issues pertaining to the trial of this matter. Specifically, the following items were discussed:

(1) The Court shall instruct the jury regarding defendant appearing *pro se* at the beginning of the case, as well as during the reading of jury instructions after closing arguments;

(2) Opening statements shall be limited to forty-five (45) minutes for each party;

(3) Defendant shall have until **5:00 p.m. on Friday, October 24, 2025,** to submit his position on stipulating to the custodial issues and to the use of transcripts discussed at the pretrial conference; and

(4) Defendant has withdrawn Jennifer Curry as a witness at trial.

After considering the written submissions of the parties and oral arguments at the pretrial conference, the Court ruled as follows.

(1) United States' Motion *in Limine* Regarding Admissibility of Evidence of Administrative Proceedings [**Doc. 26**] is **GRANTED**.

(2) United States' Motion for Judicial Notice as to Rule 1.15 of the West Virginia Rules of Professional Conduct and its Governance of the Handling of Client Funds [**Doc. 27**] is **GRANTED**.

(3) United States' Motion *in Limine* Regarding an Illustrative Aid and Summaries of Voluminous Materials [**Doc. 35**] is **GRANTED IN PART** with respect to the illustrative aid, and the Motion remains pending in part as to the summary exhibits.

(4) United States' Omnibus Motion *in Limine* [**Doc. 36**] is **GRANTED** as to subparts I, II, III, and V and **GRANTED IN PART** and **DENIED IN PART** as to subpart IV. This Court will not appoint standby counsel to question defendant, but defendant will not be permitted to give narrative testimony at trial.

(5) Defendant's Motion *in Limine* No. 1 – To Exclude Evidence of Uncharged Conduct or Transactions [**Doc. 41**] is **DENIED**. The Court will not limit on a blanket basis uncharged conduct or transactions, as uncharged conduct or transactions may be relevant to the charges herein.

(6) Defendant's Motion *in Limine* No. 2 – To Exclude Hearsay Statements by Alleged "Victims" or Third Parties [**Doc. 42**] is **GRANTED**. This Court will enforce the rules regarding hearsay at trial.

(7) Defendant's Motion *in Limine* No. 3 – To Exclude References to Defendant's Wealth, Lifestyle, or Character for Truthfulness [**Doc. 43**] is **GRANTED IN PART** and **DENIED IN PART**. The Motion is **GRANTED** as to evidence of defendant's character for truthfulness, unless the door is opened to such evidence. The Motion is **DENIED** as to evidence of defendant's wealth and lifestyle, as this evidence may be relevant to the charges herein.

(8) Defendant's Motion *in Limine* No. 4 – To Preclude Testimony or Argument that Defendant Made "False Statements" Not Specifically Alleged in the Indictment [**Doc. 44**] is **DENIED**. This Court will not make a blanket exclusion without having specific testimony, and statements not alleged in the Indictment may be relevant to the charges herein.

(9) Defendant's Motion *in Limine* No. 5 – To Preclude any Mention of Alleged "Victims" or Emotional Appeals Related to Financial Harm [**Doc. 45**] is **GRANTED**.

(10) Defendant's Motion *in Limine* No. 6 – To Exclude Testimony Regarding Uncharged or Undocumented Mail/Wire Transmissions [**Doc. 46**] is **DENIED**.

(11) Defendant's Motion *in Limine* No. 7 – To Preclude Summary or "Overview" Testimony by Case Agents About the Meaning of Evidence [**Doc. 47**] is **GRANTED IN PART** and **DENIED IN PART**. The Motion is **GRANTED** in that any expert or lay opinion testimony will not be permitted as to reasoning behind transactions. The Motion is **DENIED** in that case agents may present overview or summary testimony to the extent it is within their factual knowledge.

(12) Defendant's Motion *in Limine* No. 8 – To Preclude the Testimony of Travis Carr [**Doc. 48**] is **DENIED**.

(13) Defendant's Motion for Government to Produce **Brady** Material [**Doc. 49**] is **DENIED** in that the Government has represented it is not aware of any **Brady** material not already produced.

(14) Defendant is permitted to question Mr. Carr as to topics 1 and 2 as presented in the Rule 404(b) Notice [Doc. 67], but questioning will not be permitted as to topics 3 and 4. Defendant is permitted to question Mr. Tingler and Ms. Giovengo on each of their respective topics presented in the Rule 404(b) Notice. Defendant is not permitted to introduce extrinsic evidence to refute any witnesses' answers regarding these topics.

(15) United States' Motion *in Limine* to Exclude Improper Impeachment, Character, and/or Extrinsic Evidence [**Doc. 81**] is **GRANTED IN PART** and **DENIED IN PART** to comport with the Court's rulings regarding defendant's Rule 404(b) Notice.

(16) Defendant's Reply in support of his Motion to Dismiss for Outrageous Government Misconduct [Doc. 85] is due by **5:00 p.m. on Friday, October 24, 2025**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein and to the *pro se* defendant via the CM/ECF system.

**DATED**: October 24, 2025.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE