**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING**

**UNITED STATES OF AMERICA,**

v.  Criminal Action No. 5:25-CR-34
(BAILEY)

**PAUL J. HARRIS,**

        Defendant.

**UNITED STATES' REPLY IN SUPPORT OF ITS
INTENT TO OFFER CERTIFIED DOMESTIC RECORDS OF A REGULARLY
CONDUCTED ACTIVITY AT TRIAL**

Now comes the United States of America, by Matthew L. Harvey, United States Attorney for the Northern District of West Virginia, by Jarod J. Douglas and Jennifer T. Conklin, Assistant United States Attorneys for said District, and hereby replies to the defendant's Response to the Government's Notice of Intent to Offer Certified Domestic Records of Regularly Conducted Activity at Trial [Doc. 93]. For the reasons articulated below, the government respectfully requests that the Court issue a pretrial decision overruling the defendant's objection.

### I. BACKGROUND

On October 20 and 21, 2025, the government filed notices of its intent to offer certified domestic records of a regularly conducted activity at trial, pursuant to Federal Rule of Evidence 902(11) [Docs. 62 & 71]. The notices specifically identify the subject trial exhibits by number and brief description. Id. The notices requested that the defendant notify the government of any challenges to the certificates by October 23, 2025. Id.

On October 23, 2025, the defendant filed a response objecting to the certificates, asserting

1

that the Court should require live testimony from the various custodians of record and give him an opportunity to cross-examine them regarding the reliability of the records [Doc. 93].

## II.  APPLICABLE LAW

Federal Rule of Evidence 902(11) states, as relevant here, "The original or a copy of a domestic record that meets the requirements of Rule 803(6)(A)-(C), as shown by a certification of the custodian or another qualified person that complies with a federal statute or a rule prescribed by the Supreme Court."

Paragraph 11 was added to Rule 902 by the 2000 amendments. According to the advisory committee notes on those amendments, the paragraph "sets forth a procedure by which parties can authenticate certain records of regularly conducted activity, <u>other than through the testimony of a foundation witness</u>." (Emphasis added). In the same year, the referenced Rule 803(6) was also amended. According to those advisory committee notes, that amendment "provides that the foundation requirements of Rule 803(6) can be satisfied under certain circumstances without the expense and inconvenience of producing time-consuming foundation witnesses. Under current law, courts have generally required foundation witnesses to testify. [However, p]rotections are provided by the authentication requirements of Rule 902(11) for domestic records . . .." (Internal citation omitted).

## III.  ARGUMENT

The defendant objects to the government's use of Rule 902(11) certifications at trial only on the basis that the Sixth Amendment should require live testimony and the opportunity for cross-examination [Doc. 93]. As outlined above, however, not requiring live testimony is the whole point of Rule 902(11), which is why courts, including the Fourth Circuit, have repeatedly rejected

the argument the defendant makes here.  See e.g., United States v. Denton, 944 F.3d 170, 183-84 (4th Cir. 2019) ("[W]e are unpersuaded that Denton's Sixth Amendment right to confront witnesses includes the right to confront a records custodian who submits a Rule 902(11) certification of a business record.") (internal citation and quotations omitted).  Accordingly, the Court should overrule the defendant's objection.

## IV.   CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court issue a pretrial decision overruling the defendant's objection.

Respectfully submitted,

MATTHEW L. HARVEY
UNITED STATES ATTORNEY

By:   /s/ Jarod J. Douglas
      Jarod J. Douglas
      Assistant United States Attorney

And

      /s/ Jennifer T. Conklin
      Jennifer T. Conklin
      Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I, Jarod J. Douglas, Assistant United States Attorney for the Northern District of West Virginia, hereby certify that on the 24th day of October 2025, the foregoing UNITED STATES' REPLY IN SUPPORT OF ITS NTENT TO OFFER CERTIFIED DOMESTIC RECORDS OF A REGULARLY CONDUCTED ACTIVITY AT TRIAL was filed with the Clerk of the Court via the CM/ECF system, which was not further served on the defendant based on his representations at the pretrial conference on October 23, 2025, that he is receiving filings through the CM/ECF system.

                                    By: /s/ Jarod J. Douglas
                                          Jarod J. Douglas
                                          Assistant United States Attorney