# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

v.

PAUL J. HARRIS,

       Defendant.

Case No.: 5:25-CR-34

## DEFENDANT'S OBJECTION AND MEMORANDUM IN OPPOSITION TO THE GOVERNMENT'S INTENDED USE OF ROBERT P. FITZSIMMONS AS A WITNESS

### I. INTRODUCTION

COMES NOW, Defendant, *pro se,* and objects to the Government's identification of Robert P. Fitzsimmons, Esq. as a witness in this matter. Attorney Fitzsimmons previously represented Mr. Harris in both the "Carr" civil matters and in related disciplinary proceedings before the West Virginia Lawyer Disciplinary Board.

Those representations involved confidential legal advice, strategy discussions, and privileged communications concerning the same factual core the Government now seeks to explore. Any testimony from Mr. Fitzsimmons would violate the attorney-client privilege and his continuing duty of confidentiality under the West Virginia Rules of Professional Conduct. Moreover, Mr. Fitzsimmons has not been interviewed by the Government, and there is no indication that the Government possesses any non-privileged factual basis for his testimony. The Government therefore lacks foundation, compliance with discovery obligations, and assurance that his statements would be admissible or relevant.

## II. FACTUAL BACKGROUND

Attorney Fitzsimmons served as counsel to Mr. Harris in the Carr matters, which included settlement negotiations, civil pleadings, and defense strategy. He subsequently represented Mr. Harris during disciplinary investigations and hearings that arose from the same or substantially related facts. In those capacities, he received confidential information regarding litigation posture, client communications, and professional reasoning—particularly as it related to the Covestro settlement and similar client settlements.

At no time has the Government conducted or disclosed any interview, debriefing, or proffer with Mr. Fitzsimmons. His name first appeared on the Government's witness list without explanation of scope or subject matter. The absence of an interview underscores that any knowledge he possesses derives entirely from his former representation of the Defendant.

## III. ARGUMENT

### A. Attorney–Client Privilege Bars Mr. Fitzsimmons's Testimony

The attorney-client privilege protects "confidential communications between attorney and client made for the purpose of obtaining or providing legal assistance." *In re Grand Jury Subpoena*, 341 F.3d 331, 335 (4th Cir. 2003). The privilege belongs to the client alone. *United States v. Jones*, 696 F.2d 1069, 1072 (4th Cir. 1982). Because Mr. Harris has not waived the privilege, any attempt to compel or elicit testimony from his former counsel would contravene the bedrock protection afforded to confidential communications.

### B. The Duty of Confidentiality Independently Prohibits Disclosure

Under Rule 1.6 of the West Virginia Rules of Professional Conduct, an attorney must not reveal information relating to the representation of a client without informed consent. This duty extends beyond communications and includes all information obtained in the course of representation. Testimony about the Covestro settlement, case strategy, or client-fund distribution would necessarily disclose protected information gained through the attorney-client relationship.

### C. The Government's Failure to Interview Mr. Fitzsimmons Demonstrates the Lack of Any Non-Privileged Basis

The Government has not interviewed Mr. Fitzsimmons, nor has it provided a proffer or summary of any expected testimony beyond a basic sentence regarding the Covestro settlement and the Carr client funds. This omission strongly suggests that the Government intends to elicit privileged or speculative information. Courts consistently reject attempts to call an attorney-witness where the proponent cannot identify a clearly non-privileged basis for the testimony.

Allowing a witness with no disclosed interview or factual proffer would invite reversible error and violate Brady and Giglio disclosure obligations as well as Rule 16.

### D. Sixth Amendment Concerns

Compelling or permitting the testimony of Mr. Harris's former attorney would violate his Sixth Amendment right to effective assistance of counsel by converting a prior advocate into a government witness. *See United States v. Henke*, 222 F.3d 633, 637 (9th Cir. 2000) (reversing conviction where attorney-witness conflict undermined fairness of proceedings).

### IV. CONCLUSION

For these reasons, Defendant respectfully requests that the Court:

1. Preclude the Government from calling Robert P. Fitzsimmons, Esq. as a witness;

2. Prohibit any reference to or use of information obtained through Mr. Fitzsimmons's prior representation of the Defendant; and

3. Order the Government to disclose whether it has made any contact or obtained any statements from Mr. Fitzsimmons, and if so, produce all related communications under Rule 16.

                Defendant,
                *Pro se*,

                /s/ Paul J. Harris
                Paul J. Harris
                34 Orchard Rd
                Wheeling, WV 26003
                (304) 312-0158

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

v.

PAUL J. HARRIS,

    Defendant.

Case No.: 5:25-CR-34

### CERTIFICATE OF SERVICE

I hereby certify a true, accurate copy of the foregoing *Defendant's Objection and Memorandum in Opposition to the Government's Intended Use of Robert P. Fitzsimmons as a Witness,* was filed and served via facsimile, this 24th day of October, 2025 to the following:

Jarod J. Douglas, Esq.
Jennifer T. Conklin, Esq.
Morgan McKee, Esq.
Randolph J. Bernard, Esq.
United States Attorney's Office
PO Box 591
1125 Chapline Street, Ste. 3000
Wheeling, WV 26003
(304) 234-0110 – Fax

/s/ Paul J. Harris
Paul J. Harris

-5-