IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

v.

PAUL J. HARRIS,

    Defendant.

Case No.: 5:25-CR-34

FILED
DEC 15 2025
U.S. DISTRICT COURT- WVND
WHEELING, WV 26003

## DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL, OR IN THE ALTERNATIVE, MOTION FOR NEW TRIAL

COMES NOW, Defendant, *pro se*, and respectfully moves this Court for entry of a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29, or, in the alternative, for a new trial pursuant to Federal Rule of Criminal Procedure 33. In support thereof, Defendant states as follows:

### I. INTRODUCTION

Following a jury trial, Defendant was convicted of mail fraud, wire fraud, and related offenses. As set forth in detail in the accompanying Memorandum of Law (filed contemporaneously herewith and incorporated by reference), the verdict cannot stand. The Government failed to prove an essential element of the charged offenses—that Defendant obtained money or property by means of a material misrepresentation—and instead invited the jury to convict based on post-receipt conduct, ethical disapproval, and emotionally charged rhetoric. That failure of proof requires acquittal as a matter of law. At a minimum, the cumulative effect of instructional error, evidentiary error, prejudicial closing argument, material variance, and uncontroverted evidence of good faith deprived Defendant of a fair trial and requires a new trial in the interest of justice.

## II. RULE 29 STANDARD

Under Rule 29, the Court must enter a judgment of acquittal if the evidence is insufficient to sustain a conviction. The Court must determine whether, viewing the evidence in the light most favorable to the Government, any rational juror could have found the essential elements of the offense beyond a reasonable doubt. Where the Government fails to present evidence on an essential element, acquittal is required as a matter of law.

## III. THE GOVERNMENT FAILED TO PROVE AN ESSENTIAL ELEMENT OF MAIL AND WIRE FRAUD

As fully set forth in the Memorandum of Law, the Government failed to prove that Defendant obtained money or property by means of a materially false or fraudulent representation. No client testified that Defendant made a false statement that induced payment. The Government instead relied on post-receipt conduct, accounting disputes, and retrospective dissatisfaction—none of which satisfy the statutory elements of mail or wire fraud under controlling Supreme Court and Fourth Circuit precedent. Because the Government failed to prove fraudulent inducement, judgment of acquittal is required on all mail and wire fraud counts, as well as the derivative § 1957 counts predicated upon them.

## IV. IN THE ALTERNATIVE, A NEW TRIAL IS REQUIRED UNDER RULE 33

Even if the Court concludes that acquittal is not warranted, a new trial is required in the interest of justice. As detailed in the Memorandum of Law, Defendant was deprived of a fair trial by multiple, independently sufficient errors, including:

Erroneous jury instructions that misstated the elements of mail and wire fraud, removed the material-misrepresentation requirement from the jury's determination, and permitted conviction on a legally impermissible theory;

Material variance between the indictment and the proof at trial, including misleading allegations regarding the payee of the million-dollar settlement check and the commingling of funds from unrelated cases;

Improper admission and use of Government summary charts that were misleading, argumentative, and unfairly prejudicial under Rules 1006 and 403, and which could not be cured by a limiting instruction;

Prejudicial prosecutorial misconduct during closing argument, including inflammatory rhetoric, appeals to emotion, misstatements of law, and uncharged-crime theories that filled evidentiary gaps left by the Government's failure of proof; and

Uncontroverted evidence of good faith, including payment of client tax obligations, return of client funds, refunds of retainers, court-approved fees, and waiver of expenses—conduct fundamentally inconsistent with intent to defraud.

Whether considered individually or cumulatively, these errors undermine confidence in the verdict and require a new trial under Rule 33.

WHEREFORE, Defendant respectfully requests this Honorable Court enter a judgment of acquittal, or in the alternative, order a new trial.

Defendant,
*Pro se*,

/s/ Paul J. Harris
Paul J. Harris
34 Orchard Rd
Wheeling, WV 26003
(304) 312-0158

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

v.

PAUL J. HARRIS,

    Defendant.

Case No.: 5:25-CR-34

### CERTIFICATE OF SERVICE

I hereby certify a true, accurate copy of the foregoing *Defendant's Motion for Judgment of Acquittal, or in the Alternative, Motion for a New Trial,* was filed and served via facsimile, this 15th day of December, 2025 to the following:

Jarod J. Douglas, Esq.
Jennifer T. Conklin, Esq.
Morgan McKee, Esq.
Randolph J. Bernard, Esq.
United States Attorney's Office
PO Box 591
1125 Chapline Street, Ste. 3000
Wheeling, WV 26003
(304) 234-0110 – Fax

/s/ Paul J. Harris
Paul J. Harris