IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    **Plaintiff,**

v.                                                    **CRIMINAL ACTION NO. 5:25CR34**

**PAUL J. HARRIS,**

    **Defendant.**

## MEMORANDUM IN SUPPORT OF THE UNITED STATES OF AMERICA'S MOTION TO RESTRAIN DEFENDANT'S ASSETS

NOW COMES the United States of America, by Morgan S. McKee, Assistant United States Attorney for the Northern District of West Virginia and submits this memorandum in support of its motion to restrain Defendant, Paul J. Harris, along with any agents, representatives, co-owners and/or parties in possession of assets of the Defendant from dissipating or encumbering said assets.

### FACTS

1. On September 16, 2025, a twenty-nine count indictment was returned against Defendant Paul J. Harris for mail fraud, wire fraud, and unlawful money transactions in violation of 18 U.S.C. § 1341, 1343 and 1957. ECF No. 1.

2. On November 13, 2025, the Defendant was convicted of all twenty-nine counts of the indictment. ECF No. 36.

3. A sentencing date has not yet been set by this Court.

4. If this Court convicts and sentences Defendant, he may be responsible for criminal monetary penalties, including restitution to the victim of his crimes.

Upon information and belief, Defendant Harris has financial interests in assets that could be used to satisfy any prospective restitution obligation in this case.[1] In order to preserve those assets and to hold Defendant accountable to satisfy any financial obligation, including restitution to compensate the victim of his crimes, the United States respectfully requests that this Court restrain Defendant, along with any agents, representatives, or co-owners, from dissipating or encumbering assets as detailed herein

## LEGAL STANDARDS

A crime victim has a right to "full and timely restitution." 18 U.S.C. § 3771(a)(6). Indeed, Congress enacted the Mandatory Victims Restitution Act "to ensure that victims are made whole." *United States v. Steele*, 897 F.3d 606, 611 (4th Cir. 2018) (citing *United States v. Grant*, 715 F.3d 552, 558 (4th Cir. 2013)). The fundamental purpose of restitution is to make the victim whole and fully compensate the victim for his or her loss. *United States v. Grant*, 715 F.3d 552, 558 (4th Cir. 2013). Courts expect an alleged wrongdoer to repay all of the actual losses that he caused. *United States v. Ritchie*, 858 F.3d 201, 215 (4th Cir. 2017).[2]

Moreover, the United States Attorney General, and by extension the United States Attorney for the Northern District of West Virginia and the undersigned counsel, has a statutory obligation to collect restitution for the benefit of crime victims. 18 U.S.C. § 3612(c).

As a judicial institution, this Court has inherent authority to compel "compliance with lawful mandates." *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 461 (4th Cir. 1993). This

---

[1] Though the possession of such information is not necessary for this Motion or requested Order, it has recently come to the Government's attention that since his conviction, Defendant has sold and/or is actively trying to sell assets that could be used to satisfy a restitution order.

[2] Notably, forfeiture and restitution serve different purposes. *See United States v. O'Connor, 321 F. Supp 2d 722, 729 (E.D. Va. 2004)* It is commonplace in criminal cases for the court to enter a forfeiture order in the form of a personal money judgment against the defendant for the amount of money he obtained in the course of committing his particular offense, while also ordering the defendant to pay restitution to his victims for the amount of their loss. *See United States v. Navarette*, 667 F.3d 886 at 887-88 (7th Cir. 2012).

power is "organic, without the need of a statute or rule for its definition, and it is necessary to the exercise of all other powers." *Id.* (citations omitted). Specifically, the All Writs Act empowers this Court to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651. *See also In re Baldwin-United Corp.*, 770 F.2d 328, 338 (2d Cir. 1985) ("[a]n important feature of the All-Writs Act is its grant of authority to enjoin and bind non-parties to an action when needed to preserve the court's ability to reach or enforce its decision in a case over which it has proper jurisdiction.").

The authority conferred by the All Writs Act includes the authority to issue orders to restrain or preserve assets to help maximize the amount of money actually recovered to satisfy criminal monetary penalties, such as restitution and money judgments. *See, e.g., United States v. Simmons*, 2008 WL 336824, *1 (E.D. Wisc. Feb. 5, 2008) (issuing restraining order on assets under All Writs Act in advance of sentencing and noting "[d]istrict courts have under the [All Writs] Act issued restraining orders to ensure the availability of funds for restitution and other court-ordered financial obligations."); *United States v. Abdelhadi*, 327 F. Supp. 2d 587, 600 (E.D.Va. 2004) (issuing restraining order on assets under All Writs Act since "there was reason to believe that the restraining order was necessary to ensure the future availability of defendant's property to satisfy restitution."); *United States v. Numisgroup Intl. Corp.*, 169 F. Supp. 2d 133, 138 (E.D.N.Y. 2001) (issuing restraining order on assets under All Writs Act in advance of sentencing and holding "[b]ecause sentencing and a substantial order of restitution is imminent...in the Court's view, its authority to restrain [assets] in anticipation of the order of restitution is not precluded...."); *United States v. Ross*, 1993 WL 427415, *1 (S.D.N.Y. Oct. 15, 1993) (issuing restraining order on assets under All Writs Act in advance of sentencing and imposition of restitution and holding "there is no logic to the position that the Court is powerless to enter a

restraining order [on assets] after a jury has found a defendant guilty...simply because sentencing has been delayed so that a presentence report may be prepared."); *United States v. Gates*, 777 F. Supp. 1294, 1295 (E.D. Va. 1991) ("[i]n 'freezing' defendant's assets, the court was merely assuring that assets available at the time of conviction would remain so until sentencing, so that the court could properly assess costs and fines.").

Where appropriate, the All Writs Act allows this Court to enjoin a person who is not a party to the case or engaged in wrongdoing, but is in a position to frustrate the implementation of a court order or the proper administration of justice, even where that person has taken no affirmative action to hinder justice. *New York Tel. Co.*, 434 U.S. at 174. (citations omitted).

Although the various enforcement remedies available to the government and crime victims "may, in the fullness of time, play a role in assuring that restitution is paid, none can be instantly implemented and none ensures that, in the interim, defendant's assets will not be secreted, wasted or placed beyond the reach of the victim or the government. In short, none reasonably ensures the effectiveness of the Court's restitution order by ensuring that defendant's assets are not wasted or secreted. Only the restraining order can serve this function." *Abdelhadi*, 327 F.Supp. 2d at 601.

## ARGUMENT

Upon information and belief, as detailed above, Defendant Harris possesses or has a financial interest in assets that could be utilized to pay any prospective criminal monetary penalty in this case, including restitution to compensate the victim of his crimes. Accordingly, the United States of America respectfully requests that this Court restrain Harris and any agent, representative, or co-owner, from encumbering, liquidating, selling, trading, transferring, or otherwise disposing of any assets except those which are necessary to pay for normal, customary, and reasonable living expenses unless said defendant obtains permission from the United States of America through the

United States Attorney's Office for the Northern District of West Virginia or this Court orders otherwise.

                                        Respectfully submitted,

                                        MATTHEW L. HARVEY
                                        UNITED STATES ATTORNEY

By:    */s/ Morgan S. McKee*
           Morgan S. McKee
           Assistant United States Attorney
           W. Va. Bar # 12669
           United States Attorney's Office
           P. O. Box 591
           1125 Chapline Street, Suite 3000
           Wheeling, WV  26003
           (304) 234-0100
           Morgan.mckee@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of February 2026, I have electronically filed the attached documents with the Clerk of the Court using the CM/ECF system, to be served upon counsel of record, and served a copy on the defendant via email, to Defendant Harris at harrislawofficeswhg@gmail.com, on the same date.

Respectfully submitted,

MATTHEW L. HARVEY
UNITED STATES ATTORNEY

By:   */s/ Morgan S. McKee*
Morgan S. McKee
Assistant United States Attorney
W. Va. Bar # 12669