IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

v.

PAUL J. HARRIS,

    Defendant.

Case No.: 5:25-CR-34

FILED

FEB 23 2026

U.S. DISTRICT COURT-WVND
WHEELING, WV 26003

### DEFENDANT'S MOTION TO CONTINUE HEARING

COMES NOW Defendant, *pro se*, and respectfully moves this Honorable Court for a continuance of the hearing scheduled for February 25, 2026, on Defendant's pending Motion for New Trial Pursuant to *Napue v. Illinois* and Rule 33(b)(1) of the Federal Rules of Criminal Procedure [DOC 170]. In support thereof, Defendant states as follows:

### I. INTRODUCTION

On February 19, 2026, the Government filed a Supplemental Exhibit to Response in Opposition to Defendant's Motion for New Trial Pursuant to *Napue v. Illiniois* and Rule 33(b)(1) of the Federal Rules of Criminal Procedure [DOC 178], consisting of an affidavit from FBI Special Agent Michael Torbic. The Government submitted this affidavit in place of live testimony, representing that Agent Torbic was unavailable to appear due to previously scheduled personal travel. Agent Torbic is a critical witness regarding the collection, preservation, and production of text messages provided by Government witness Travis Carr. Defendant cannot meaningfully challenge the Government's position without the opportunity to cross-examine Agent Torbic concerning his investigative actions, his memoranda, and his interactions with Mr. Carr.

Proceeding without Agent Torbic's testimony would substantially prejudice Defendant and deprive him of a fair opportunity to present his position.

## II. RELEVANT FACTS

In May 2022, Agent Torbic claims he met with Travis Carr and received printed documents, including text messages. According to Agent Torbic's affidavit, these materials were incorporated into the FBI's investigative file. The Government has produced limited excerpts of text messages bearing page numbers that indicate the existence of additional, unproduced messages.

In its supplemental filing, the Government attached Agent Torbic's affidavit while acknowledging his unavailability for the scheduled hearing. The Government's supplemental production relating to communications between Travis Carr and Stacy Nixon likewise contains page numbering suggesting that only a portion of the complete message chain has been disclosed.

These incomplete productions directly bear on Defendant's claims under *Napue v. Illinois* and Rule 33, including whether the Government possessed or had access to exculpatory or impeachment evidence that was not disclosed.

## III. ARGUMENT

### A. Agent Torbic Is a Material and Necessary Witness

Agent Michael Torbic appears to be the only documented federal agent who interviewed Travis Carr in May 2022, received the printed text messages from Mr. Carr, incorporated those materials into the FBI's investigative records, and prepared memoranda regarding those materials. His testimony is essential to determine precisely what materials were received from Mr. Carr, whether those materials were complete, whether additional messages existed, how the materials were reviewed, preserved, and stored, whether any digital copies were created, whether any messages were omitted, excluded, or overlooked, and whether prosecutors were informed of the

full scope of the communications. These issues go directly to the heart of Defendant's due process claims.

### B. Defendant Has a Right to Cross-Examine Agent Torbic

The Government seeks to rely on Agent Torbic's affidavit in lieu of testimony. However, an affidavit is not a substitute for live testimony where credibility, methodology, and completeness are disputed.

Cross-examination is necessary to explore:

1. Meetings held with Travis Carr;
2. When those meetings with Travis Carr occurred;
3. What was discussed with Travis Carr during those meetings regarding the issues raised in Defendant's motion;
4. Any notes that were taken;
5. Any discrepancies between the affidavit and documentary evidence;
6. The meaning of page numbers on Government produced exhibits numbered 10 through 13;
7. The meaning of "Exported from iPhone (G6TF2PH30D80) on 5/18/22. 7:44 AM with iMazing by DigiDNA. Database date when extracted: 5/17/22. 6:27 AM" on the text messages between Travis Carr and Paul Harris produced by the Government as trial exhibits numbered 10 through 13;
8. The meaning of "Exported from iPhone (G6TF2PH30D80) on 5/17/22. 8:10AM with iMazing by DigiDNA. Database date when extracted: 5/17/22. 6:27 AM" on the text message between Travis Carr and Stacy Nixon and produced by the Government in response to Defendant's motion;
9. The absence of entire message chains;
10. The scope of Agent Torbic's investigation; and

11. His communications with prosecutors.

Defendant cannot meaningfully test these issues through a sworn statement alone. A defendant cannot cross-examine an affidavit.

### C. Proceeding Without Agent Torbic Would Prejudice Defendant

If the hearing proceeds without Agent Torbic's live testimony, Defendant will be forced to rely on untested and unchallenged statements, the Court will lack a complete and reliable factual record, critical credibility issues will remain unresolved, and Defendant's claims under Napue and Brady will be substantially impaired. Because the Government itself originally intended to present Agent Torbic as a witness, the importance and materiality of his testimony should be undisputed.

A brief continuance to secure his testimony is far preferable to adjudicating these serious constitutional claims on an incomplete record.

### D. Good Cause Exists for a Continuance

Courts routinely grant continuances where a material witness is unavailable, the witness's testimony is central to the issues before the Court, the moving party would suffer prejudice in the absence of that testimony, and the request for a continuance is made in good faith.

In the instant matter, Agent Torbic is unavailable due to personal travel; his testimony is central; Defendant will be prejudiced without it; and Defendant seeks only sufficient time to secure his appearance. Accordingly, good cause exists for a continuance.

### E. Government Opposes This Motion

The Government opposes Defendant's Motion to Continue and indicated that it will file a brief response stating its reasons. However, the Government acknowledged that, should the Court grant the motion, it would be available on March 9, 11, or 18 for a rescheduled hearing. Defendant is available on these dates. The Government's representation of availability on alternative dates

underscores that a brief continuance is both feasible and practical, and would not unduly delay these proceedings.

## IV. CONCLUSION

Agent Torbic's testimony is indispensable to resolving whether the Government received, possessed, and disclosed the full body of text messages relevant to Defendant's claims. The integrity of this proceeding requires that Defendant be permitted to cross-examine this witness. Reliance on an affidavit alone is inadequate where the facts are disputed and constitutional rights are at stake.

WHEREFORE, Defendant respectfully requests that this Court:

1. Continue the hearing scheduled for February 25, 2026;
2. Reschedule the hearing for a date when Special Agent Michael Torbic is available to testify in person; and
3. Grant such other and further relief as justice requires.

Defendant,
*Pro se*,

/s/ Paul J. Harris
Paul J. Harris
34 Orchard Rd
Wheeling, WV 26003
(304) 312-0158

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

v.

PAUL J. HARRIS,

       Defendant.

Case No.: 5:25-CR-34

### CERTIFICATE OF SERVICE

I hereby certify a true, accurate copy of the foregoing *Defendant's Motion to Continue Hearing,* was filed and served via facsimile, this 23rd day of February, 2026 to the following:

Jarod J. Douglas, Esq.
Jennifer T. Conklin, Esq.
Morgan McKee, Esq.
Randolph J. Bernard, Esq.
United States Attorney's Office
PO Box 591
1125 Chapline Street, Ste. 3000
Wheeling, WV 26003
(304) 234-0110 – Fax

/s/ Paul J. Harris
Paul J. Harris