IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.                                                                 Criminal No. 5:25CR34

**PAUL J. HARRIS,**

    **Defendant.**

## PRELIMINARY ORDER OF FORFEITURE

Pursuant to Title 21, United States Code, Section 853, the Court having made the findings of fact and conclusions of law enumerated below, it is hereby ORDERED that defendant, who has been found guilty by a jury of violating Title 18, United States Code, Sections 1341, 1343, and 1957, forfeit to the United States the following property, which is directly subject to forfeiture:

- A money judgment in the amount of $666,125.86.

It is FURTHER ORDERED that the defendant forfeit to the United States the following property, which is subject to substitute property forfeiture:

    A.    Real property located at 34 Orchard Rd. Wheeling, WV 26003
           APN: 35-10-0W32-0005-0000 & 0001;

    B.    Real property located at 2233 Chapline St. Wheeling, WV 26003
           APN: 35-10-0W65-0260-0000;

    C.    Real property located at 9971 National Rd. Wheeling, WV 26003
           APN: 35-08-0VG2-0008-0000;

    D.    Real property consisting of 8 parcels on Hawk Court, Wheeling, WV 26003
           11 Hawk Court APN 35-10-W30A-0192-0000
           13 Hawk Court APN 35-10-W30A-0194-0000
           22 Hawk Court APN 35-10-W30A-0179-0000
           24 Hawk Court APN 35-10-W30A-0180-0000
           26 Hawk Court APN 35-10-W30A-0181-0000
           28 Hawk Court APN 35-10-W30A-0182-0000

       31 Hawk Court APN 35-10-W30A-0203-0000
       33 Hawk Court APN 35-10-W30A-0204-0000;

E.     All funds on deposit in Main Street Bank Business Checking Account No. XXXXXXX7880 titled to Paul J. Harris DBA Paul J. Harris, Attorney at Law;

F.     All funds on deposit in Main Street Bank Business Checking Account No. XXXXXXX2308 titled to Paul J. Harris DBA Hastings, LLC.;

G.     All funds on deposit in Main Street Bank basic business Checking Account No. XXXXXXX9768 registered to Poitiers, LLC, Paul J. Harris sole member;

H.     All funds on deposit in Main Street Bank Senior Checking Account No. XXXXXXX6773 titled to Paul J. Harris; and

I.     2017 Mercedes Benz S550, VIN: WDDUG8FB8HA336253, WV Tag: O8J300, registered to Paul Harris.

1.     On September 16, 2025, the grand jury returned an Indictment charging that the defendant violated Title 18, United States Code, Sections 1957, 1341, and 1343. The Forfeiture Allegation in the Indictment contains notice to the defendant that the government intends to forfeit property in this criminal case

3.     Title 18, United States Code, Sections 982(a)(1) and 1956 mandate forfeiture of any property, real or personal, involved in the money laundering offense of conviction, and any property traceable to such property.

4.     Title 18, United States Code, Sections 981(a)(1)(C), 1956(c)(7)(A), 1961(1), and Title 28, United States Code, Section 2461(c) mandate forfeiture of any property constituting, or derived from, proceeds obtained directly or indirectly, as a result of a violation of Title 18, United States Code, Sections 1341 and 1343.

5. On November 13, 2025, the defendant was convicted on all counts in the Indictment; sixteen counts of mail fraud in violation of Title 18, United States Code, Section 1341, eight counts of wire fraud in violation of Title 18, United States Code, Section 1343, and five counts of unlawful monetary transactions in violation of Title 18, United States Code, Section 1957.

6. The jury's finding of guilt on all counts of the Indictment established that the United States is entitled to the entry of a forfeiture money judgment of $666,125.86. Furthermore, the government's Motion provides the manner in which the figure of $666,125.86 was calculated based upon facts and evidence presented at trial.

7. Additionally, substitute property is subject to forfeiture, because, as a result of the defendant's acts and omissions, all property subject to direct forfeiture is unavailable for the reasons described in Title 21, United States Code, Section 853(p)(1), subparagraphs (A)-(E).

8. The defendant has not preserved for forfeiture all property that the applicable forfeiture statute mandates be forfeited. Accordingly, Title 21, United States Code, Section 853(p) contemplates the forfeiture of other property belonging to the defendant. The government has been thus far able to identify above-described substitute property, which is forfeited under Title 21, United States Code, Section 853(p).

9. The Court will not be able to identify before sentencing all property subject to forfeiture. The United States is authorized under Rule 32.2(b)(3) to conduct discovery under the Federal Rules of Civil Procedure to locate additional property that may be forfeited under this Order. When additional property is located, this Order will be amended under Rules 32.2(b)(2)(C) and 32.2(e)(1).

10. Any forfeited property transferred to a victim by the Attorney General pursuant to Title 18, United States Code, Section 982(b)(1) (incorporating Title 21, United States Code, Section 853(i)(1)) may be set off against the restitution order included in the judgment and commitment order.

This Order of Forfeiture shall become final regarding the defendant at the time of sentencing, and will be made part of the sentence by incorporating this Order by reference in the judgment. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary.

**SO ORDERED.**

DATED: 3-10-2026

_____
UNITED STATES DISTRICT JUDGE