03-26-2026 11:52 PM 33047PB063PM 2074233185 1 12

FILED

MAR 26 2026

U.S. DISTRICT COURT- WVND
WHEELING, WV 26003

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

UNITED STATES OF AMERICA,

v.

PAUL J. HARRIS,

        Defendant.

Case No.: 5:25-CR-34

## DEFENDANT'S MOTION TO COMPEL PRODUCTION OF APPRAISALS AND/OR VALUATION MATERIALS

COMES NOW, Defendant, *pro se*, and moves this Honorable Court for an order compelling the Government to produce all appraisals and/or valuation materials relating to the property identified in the Preliminary Order of Forfeiture [DOC 195] and Amended Preliminary Order of Forfeiture [DOC 205], and in support states as follows:

1. The Department of Justice Asset Forfeiture Policy Manual (2025) provides the Government is obligated to disclose evidence favorable to the Defendant relating to forfeiture, as forfeiture constitutes punishment and is subject to *Brady* disclosure requirements. In Chapter 6: Administrative and Judicial Forfeiture, the manual states, in pertinent part:

> **E.4 Criminal forfeiture and Brady obligations**
> In criminal forfeiture matters, the government has not only an ethical but also a legal duty to disclose information favorable to the defendant as to either guilt or punishment. Forfeiture is an element of the sentence, and thus forms part of the punishment imposed on the defendant. *See Libretti v. United States*, 516 U.S. 29, 38–39 (1995). Accordingly, Brady requires the government, even without a request by the defendant, to disclose evidence favorable to the defendant that relates to criminal forfeiture.
>
> https://www.justice.gov/criminal/criminal-afmls/file/839521/dl?inline=

-1-

2. The Department of Justice's Asset Forfeiture Policy Manual (2025) imposes a mandatory, pre-seizure obligation on the Government to obtain and analyze a "pre-seizure package," including a title report, valuation, and a net equity worksheet to determine whether a property is even suitable for forfeiture. This is not discretionary—it is a required predicate to forfeiture that necessarily generates appraisal, valuation, lien, and equity analyses in the Government's possession. Those materials go directly to the core issues of proportionality, statutory authority, and the permissible scope of forfeiture. The Manual further acknowledges that the most accurate equity information resides with lenders and borrowers and must be obtained through lawful means, underscoring that the Government is expected to affirmatively gather and rely upon such evidence before proceeding. In Chapter 5 Real Property, the manual states, in pertinent part:

### B.1 Net equity calculation

To determine ownership and the amount and validity of liens recorded against the real property, the USAO must order a pre-seizure package, which includes both a title report and a valuation, through the USMS district office as soon as practicable. Upon receiving such a request, the USMS will conduct an analysis and prepare a net equity worksheet that calculates a net equity minimum value for each parcel of real property to determine whether the property is suitable for forfeiture. This analysis considers all potential expenses that may accrue from the commencement of the forfeiture proceeding or, where applicable, from seizure or restraint, through disposition. The analysis also contemplates market conditions, liens, and other encumbrances that could cloud the title. Upon completing the analysis and net equity worksheet, the USMS can recommend whether the real property meets established net equity thresholds and is thus suitable for forfeiture.

The most current equity information resides with the mortgage lender and borrower and may be obtained via the means permitted by the Right to Financial Privacy Act of 1978, 12 U.S.C. § 3401 et seq.

https://www.justice.gov/criminal/criminal-afmls/file/839521/dl?inline=

3. The Government's failure to produce known appraisal and valuation materials violates disclosure obligations under *Brady v. Maryland*, 373 U.S. 83 (1963).

4. The Government is further obligated under *Giglio v. United States*, 405 U.S. 150 (1972), to disclose any evidence that may impeach its valuation or forfeiture theory, including appraisal and valuation materials.

5. On or about October 21, 2025, the Government conducted an in-person inspection of Defendant's office building located at 32 Fifteenth Street, Wheeling, West Virginia. It is believed an appraiser, hired by the Government, was present.

6. On March 10, 2026, the court entered a Preliminary Order of Forfeiture [DOC 195] imposing a $666,125.86 money judgment and identifying real and personal property subject to forfeiture.

7. On March 18, 2026, Defendant requested via email to the Government, production of all appraisal and valuation materials relating to the subject properties. The Government made no response to that request.

8. On March 24, 2026, the court entered an Amended Preliminary Order of Forfeiture [DOC 205] adding substitute assets, including real property and rental proceeds.

9. The Government seeks to satisfy the money judgment through multiple parcels of real estate and associated income streams.

10. To date, the Government has failed to produce any such materials.

11. To date, the Government has not produced any appraisal for any property.

12. The valuation of the subject properties is central to determining the lawful scope of forfeiture.

WHEREFORE, Defendant respectfully requests that this Court compel immediate production of all appraisal and valuation materials and require the Government to certify that all

such materials have been produced. A memorandum of law in support is filed contemporaneously herewith.

Defendant,
*Pro se,*

/s/ Paul J. Harris
Paul J. Harris
34 Orchard Rd
Wheeling, WV 26003
(304) 312-0158

-4-

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

v.

Case No.: 5:25-CR-34

PAUL J. HARRIS,

        Defendant.

## CERTIFICATE OF SERVICE

I hereby certify a true, accurate copy of the foregoing *Defendant's Motion to Compel Production of Appraisals and/or Valuation Materials,* was filed and served via facsimile, this 26th day of March, 2026 to the following:

Jarod J. Douglas, Esq.
Jennifer T. Conklin, Esq.
Morgan McKee, Esq.
Randolph J. Bernard, Esq.
United States Attorney's Office
PO Box 591
1125 Chapline Street, Ste. 3000
Wheeling, WV 26003
(304) 234-0110 – Fax

/s/ Paul J. Harris
Paul J. Harris

-5-