**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

UNITED STATES OF AMERICA,

v.

PAUL J. HARRIS,

       Defendant.

Case No.: 5:25-CR-34

### <u>DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL APPRAISALS AND/OR VALUATION MATERIALS</u>

**Summary of Argument**

The Government's failure to produce appraisal and/or valuation materials for the properties identified in both the Preliminary Order of Forfeiture [DOC 195] and the Amended Preliminary Order of Forfeiture [DOC 205] constitutes a violation of its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963). These materials are known to exist, including at least one appraisal conducted per an inspection of Defendant's office building on October 21, 2025, and are directly material to punishment because they determine the lawful scope, proportionality, and statutory limits of forfeiture. The Government's own Department of Justice Asset Forfeiture Policy Manual confirms that *Brady* applies to criminal forfeiture proceedings because forfeiture is part of the sentence, and expressly requires the Government to disclose evidence favorable to the defendant relating to forfeiture—even in the absence of any request. Valuation materials fall squarely within this obligation. If the valuations undermine or limit the Government's forfeiture theory, they are exculpatory; if they differ from the Government's representations, they are impeaching under *Giglio v. United States*, 405 U.S. 150 (1972). By withholding this evidence, the Government has deprived Defendant of the ability to challenge the extent and constitutionality of the forfeiture and has prevented this Court from conducting the required analysis under controlling law. The

-1-

suppression of known valuation evidence central to forfeiture is not a procedural omission—it is a constitutional violation, compounded by the Government's failure to adhere to its own governing policies, and warrants immediate compulsion.

### Factual Background

On March 10, 2026, this court entered a Preliminary Order of Forfeiture [DOC 195] imposing a money judgment in the amount of $666,125.86 and identifying certain real and personal property as subject to forfeiture. On March 24, 2026, the court entered an Amended Preliminary Order of Forfeiture [DOC 205] adding substitute assets, including additional real property and rental proceeds. The Government seeks to satisfy the money judgment through multiple parcels of real estate and associated income streams. On March 18, 2026, Defendant, through email correspondence to Assistant United States Attorney Morgan McKee, requested production of all appraisal and valuation materials relating to the subject properties. To date, the Government has not responded to that request and has failed to produce any such materials. On or about October 21, 2025, the Government conducted an in-person inspection of Defendant's office building located at 32 Fifteenth Street, Wheeling, West Virginia and, it is believed, an appraiser was present.

### I. The Government's Failure to Produce Appraisals and Valuation Materials Violates Brady and Giglio

The Government's failure to produce valuation materials implicates constitutional obligations under *Brady v. Maryland*, 373 U.S. 83 (1963). *Brady* requires disclosure of evidence favorable to the accused that is material to guilt or punishment, and that duty extends to evidence bearing on punishment. The valuation of the properties subject to forfeiture is directly tied to the scope of the financial penalty the Government seeks to impose. Evidence reflecting the value of those assets, including appraisals and valuation analyses is therefore material within the meaning of *Brady*.

-2-

On October 21, 2025, an on-site inspection occurred of Defendant's office building located at 32 Fifteenth Street. No appraisal has been produced. This is not a situation where valuation materials are unavailable; it is a situation where the Government is withholding them. The Government cannot obtain an appraisal, rely on forfeiture orders involving real property, and then refuse to disclose the very evidence that defines the permissible scope of forfeiture.

The Government's disclosure obligations are further reinforced by its own Department of Justice Asset Forfeiture Policy Manual (2025), which expressly recognizes that *Brady* applies to criminal forfeiture proceedings because forfeiture is an element of the sentence and therefore part of the punishment imposed. *See Libretti v. United States*, 516 U.S. 29, 38–39 (1995). The Manual makes clear that the Government has both an ethical and legal duty to disclose evidence favorable to the defendant as it relates to forfeiture, even in the absence of a specific request. Valuation materials, such as appraisals and financial analyses, fall squarely within this obligation because they directly impact the permissible scope and proportionality of forfeiture. The Government's failure to produce known appraisal evidence, as well as any additional valuation materials relating to the properties identified in the forfeiture orders, is therefore inconsistent not only with constitutional requirements under *Brady*, but also with the Government's own stated policies governing criminal forfeiture proceedings. The manual provides, in pertinent part:

### E.4 Criminal forfeiture and Brady obligations

In criminal forfeiture matters, the government has not only an ethical but also a legal duty to disclose information favorable to the defendant as to either guilt or punishment. Forfeiture is an element of the sentence, and thus forms part of the punishment imposed on the defendant. See Libretti v. United States, 516 U.S. 29, 38–39 (1995). Accordingly, Brady requires the government, even without a request by the defendant, to disclose evidence favorable to the defendant that relates to criminal forfeiture.

https://www.justice.gov/criminal/criminal-afmls/file/839521/dl?inline=

-3-

If the appraisal done by the Government retained appraiser reflects a value inconsistent with the Government's forfeiture theory, or otherwise undermines the breadth of substitute assets being pursued, it constitutes exculpatory evidence. At a minimum, any inconsistency between that appraisal and the Government's position constitutes impeachment material that must be disclosed under *Giglio v. United States*, 405 U.S. 150 (1972). The Government cannot avoid its constitutional obligations by withholding valuation evidence central to the forfeiture it seeks to impose.

It is unclear whether the Government has obtained appraisals or any valuation materials for the additional real properties identified in either the Preliminary Order of Forfeiture [DOC 195] or the Amended Preliminary Order of Forfeiture [DOC 205], as no such materials have been produced, leaving Defendant unable to determine whether such evidence exists or is being withheld.

## II. Forfeiture Is Limited by Value and Cannot Be Imposed Without Evidence of Value

Criminal forfeiture, particularly substitute asset forfeiture under 21 U.S.C. § 853(p), is expressly limited to property "up to the value" of the unavailable tainted property. The statutory framework does not permit open-ended forfeiture untethered to value. The Fourth Circuit has made clear that forfeiture must remain within statutory bounds and cannot be expanded beyond what Congress authorized. *See generally, United States v. Chamberlain*, 868 F.3d 290 (4th Cir. 2017). Here, the Government seeks to satisfy a $666,125.86 money judgment through multiple parcels of real property and income streams. Without any valuation evidence, neither Defendant nor the court can determine whether the Government is complying with § 853(p) or exceeding it.

-4-

### III. The Excessive Fines Clause Requires a Proportionality Analysis Grounded in Value

The failure to produce valuation evidence also prevents the court from conducting the constitutional analysis required under the Excessive Fines Clause. The Supreme Court has held that forfeiture violates the Eighth Amendment if it is grossly disproportional to the gravity of the offense. *United States v. Bajakajian*, 524 U.S. 321, 334 (1998). The Fourth Circuit has applied that principle to require a meaningful proportionality inquiry grounded in the value of the property at issue. *United States v. Marshall*, 872 F.3d 213, 218–19 (4th Cir. 2017). Without appraisal or valuation data, that inquiry cannot occur. The Government's failure to produce valuation evidence effectively forecloses the constitutional analysis required by controlling precedent.

### IV. The Government's Conduct Violates Due Process

The Government's conduct further violates basic principles of due process. Defendant cannot meaningfully challenge forfeiture without access to the evidence that determines whether the forfeiture is lawful, proportional, or statutorily permissible. At the same time, the Government has sought discovery from Defendant concerning these same properties while refusing to produce its own valuation materials. That is fundamentally unfair. The Government cannot demand transparency while withholding key evidence central to its own forfeiture theory.

### V. DOJ Forfeiture Policy Confirms That Valuation Evidence Exists and Should Have Been Produced

Finally, the Government's own forfeiture policies contemplate that valuation analysis, including appraisals, is conducted as part of seizure planning and forfeiture proceedings. (https://www.justice.gov/criminal/criminal-afmls/file/839521/dl?inline=) The Government's refusal to produce any appraisals or valuation materials underscores the need for court intervention.

## Conclusion

The Government seeks to forfeit substantial real property while withholding any appraisals and/or valuation materials of that property. The statute, the Constitution, and controlling Fourth Circuit authority all require valuation evidence. The Government's failure to produce it, particularly where such evidence is known to exist, warrants immediate compulsion.

WHEREFORE, Defendant respectfully requests this Honorable Court enter an order compelling the Government to produce any and all appraisals and/or other valuation materials in its possession, custody or control with respect to all of the properties set forth in the Preliminary Order of Forfeiture as well as the Amended Preliminary Order of Forfeiture.

Defendant,
*Pro se,*

/s/ Paul J. Harris
Paul J. Harris
34 Orchard Rd
Wheeling, WV 26003
(304) 312-0158

-6-

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

v.

PAUL J. HARRIS,

        Defendant.

Case No.: 5:25-CR-34

### CERTIFICATE OF SERVICE

I hereby certify a true, accurate copy of the foregoing *Defendant's Memorandum of Law in Support of Motion to Compel Appraisals and Valuation Materials,* was filed and served via facsimile, this 26th day of March, 2026 to the following:

Jarod J. Douglas, Esq.
Jennifer T. Conklin, Esq.
Morgan McKee, Esq.
Randolph J. Bernard, Esq.
United States Attorney's Office
PO Box 591
1125 Chapline Street, Ste. 3000
Wheeling, WV 26003
(304) 234-0110 – Fax

/s/ Paul J. Harris
Paul J. Harris

-7-