**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling**

**UNITED STATES OF AMERICA,**

Plaintiff,

v.

**CRIM. ACT. NO. 5:25-CR-34**
Judge Bailey

**PAUL J. HARRIS,**

Defendant.

## ORDER

Pending before this Court is Defendant's Motion to Compel Production of Appraisals and/or Valuation Materials [Doc. 207], filed March 26, 2026. Therein, defendant requests this Court to compel the Government to produce all appraisals and/or valuation materials relating to the properties identified in the Preliminary Order of Forfeiture [Doc. 195] and Amended Preliminary Order of Forfeiture [Doc. 205]. [Doc. 207 at 1]. The Government's Response [Doc. 208] was filed March 31, 2026. Defendant's Reply [Doc. 209] was filed April 1, 2026.[1] This matter is ripe for adjudication. For the reasons contained herein, defendant's Motion [**Doc. 207**] is granted.

"Due Process requires that the Government disclose to the accused any favorable evidence in its possession that is material to guilt or punishment." ***United States v. Beckford***, 962 F.Supp. 780, 785 (E.D. Va. 1997) (Payne, J.) (citing ***Brady v. Maryland***, 373 U.S. 83, 87 (1963)). Per the Department of Justice's Asset Forfeiture Policy Manual:

---

[1]A duplicate of defendant's Reply appears on the docket at [Doc. 210].

[i]n criminal forfeiture matters, the [G]overnment has not only an ethical but also a legal duty to disclose information favorable to the defendant as to either guilt or punishment. Forfeiture is an element of the sentence, and thus forms part of the punishment imposed on the defendant. *See Libretti v. United States*, 516 U.S. 29, 38–39 (1995). Accordingly, *Brady* requires the [G]overnment, even without a request by the defendant, to disclose evidence favorable to the defendant that relates to criminal forfeiture.

Here, defendant contends that, to the extent any appraisals of properties subject to forfeiture "reflect[] a value inconsistent with the Government's forfeiture theory, or otherwise undermine[] the breadth of substitute assets being pursued, [the appraisals] constitute[] exculpatory evidence." [Doc. 207-1 at 4]. Defendant also contends such appraisals could constitute impeachment material under *Giglio v. United States*, 405 U.S. 150 (1972) to the extent the appraisals create inconsistencies with the Government's position on forfeiture. [Id.].

The Government's Response characterizes the appraisal of a property subject to forfeiture as merely a mechanism of assessing whether the Government could actually use a property to satisfy a forfeiture money judgment, i.e., a tool to ensure the Government will be able to use the sale of the property to collect on the judgment. [Doc. 208 at 2]. The Government claims any such materials would constitute work product not subject to the provisions of *Brady* or *Giglio*. [Id.].

This Court disagrees. As expressed in the Department of Justice's own manual, forfeiture falls within the purview of *Brady*. The Government cannot claim its appraisals

2

and related valuation mechanisms are routine internal matters while also denying the disclosure obligations set forth explicitly in its own policy manual. Such statements within the Department of Justice's policy manual seem to contradict any assertion that such materials are work product that the Department would refuse to turn over to a defendant. Further, this Court believes defendant has standing to request such materials, as this Court agrees defendant retains an interest in the scope of forfeiture and whether the requested forfeiture exceeds statutory limitations. *See* [Doc. 209 at 4].

This Court has no interest in micro-managing forfeiture in this matter. Rather, this Court's interest lies with ensuring defendant's rights under ***Brady*** and ***Giglio*** are preserved. As such, defendant's Motion [**Doc. 207**] is **GRANTED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein and is further directed to provide a copy to the *pro se* defendant via the CM/ECF system.

**DATED**: April 2, 2026.

JOHN PRESTON BAILEY
**UNITED STATES DISTRICT JUDGE**